UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN LORENZO SOTO,                  No. C-13-5931 EMC (pr)

      Petitioner,

  v.                                               **ORDER TO SHOW CAUSE**

R. T. C. GROUNDS, Warden,

      Respondent.

_____/

## I.    INTRODUCTION

Petitioner, an inmate at Salinas Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.    BACKGROUND

The petition and attachments provide the following information: Petitioner was convicted in Santa Cruz County Superior Court of first degree murder, five counts of second degree robbery, two counts of attempted second degree robbery, and conspiracy to commit second degree robbery. On August 18, 2009, he was sentenced to 84 years to life in prison. He appealed. The California Court of Appeal affirmed the judgment of conviction in 2009 and the California Supreme Court denied the petition for review in 2012. Petitioner then filed this action.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition alleges that Petitioner was deprived of his Sixth and Fourteenth Amendment rights to confront witnesses, due process and a fair trial by the admission into evidence of the hearsay testimony of Vanessa Martinez, who testified as to what she had been told about the crimes by her boyfriend, co-defendant Anthony Gonzales. Liberally construed, the claims are cognizable in a federal habeas action. (Petitioner also mentions the Fifth Amendment to the U.S. Constitution as the source of his rights to confront witnesses, due process and a fair trial, but that amendment does not secure those rights for a state court criminal defendant – those rights are secured by the Sixth and Fourteenth Amendments for a state court criminal defendant.)

### IV. CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **March 21, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **April 18, 2014**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: January 28, 2014

_____
EDWARD M. CHEN
United States District Judge